# In the United States Court of Federal Claims

No. 19-1706
(Filed: February 21, 2020)

---

**GENE ALLEN SCHROEDER,**                                          **Plaintiff,**

v.

**THE UNITED STATES,**                                             **Defendant.**

---

## OPINION AND ORDER

**Tapp,** Judge.

On October 31, 2019, Plaintiff, Gene Allen Schroeder ("Mr. Schroeder"), acting *pro se*, filed a Complaint in this Court alleging that the United States collected taxes from him without jurisdiction. (Compl. at 1, ECF No. 1). Mr. Schroeder seeks $934,596.49 in damages. (*Id.*).

On February 3, 2020, Defendant, the United States, filed a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). (ECF No. 7). Mr. Schroeder filed his response on February 19, 2020. (ECF No. 10).

For the reasons set forth below, the Court **GRANTS** the United States' Motion to Dismiss.

### I. Background

On April 19, 2019, Mr. Schroeder filed suit in the United States Tax Court seeking redetermination of alleged tax deficiencies for tax years 2000–2018. (Compl. Ex. B at 3–4, ECF No. 1-3).[1] The Internal Revenue Service ("IRS") moved to dismiss for lack of jurisdiction arguing (1) the issuance of any notice was outside the time frame required for Mr. Schroeder to timely file a petition, and (2) as of the filing date of the petition, the IRS had not issued any notice of deficiency or notice of determination within the past 90 days. (*Id.* at 10). Mr. Schroeder responded on August 26, 2019 stating that he had no objection to the IRS's motion to dismiss. (Compl. Ex. A, ECF No. 1-2). On September 16, 2019, the Tax Court dismissed the case for lack of jurisdiction. (*Id.*).

Mr. Schroeder brought suit in this Court on October 31, 2019, alleging that the Tax Court's dismissal for lack of jurisdiction means the IRS lacked the authority to collect taxes from him. (Compl. at ¶¶ 1, 2). Mr. Schroeder alleges that he was injured "in the amount of $934,596.49[.]" (*Id.*). In support, Mr. Schroeder attached (1) notices of federal tax liens totaling $64,914.76, (2) various notices of unpaid and overdue taxes and intent to levy, which Mr.

---

[1] Citations to Mr. Schroeder's exhibits are based on their PDF pagination as it appears in the ECF filing system.

Schroeder characterizes as "billing statements," totaling $609,543.60, and (3) notices of levy and garnishments totaling $260,138.13. (Compl. Exs. C, D, and E). Although the Complaint does not specify which tax years are relevant to Mr. Schroeder's claim, the attachments generally relate to tax years 2000–2012.

## II.   Standard of Review

A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

This Court's jurisdiction is generally delimited by the Tucker Act, 28 U.S.C. § 1491. The Tucker Act limits this Court's jurisdiction to suits "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon and express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act itself is a jurisdictional statute that does not create any independent substantive rights enforceable against the United States for money damages. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify a "money-mandating" source of law to support a claim for money damages. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If the claim is not based on a "money-mandating" source of law, then it lies beyond the jurisdiction of this Court. *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

## III.   Analysis

Mr. Schroeder claim for $934,596.49 in damages is based on his theory that the IRS has no jurisdiction to collect taxes from him. As best the Court can discern, Mr. Schroeder bases his claim on one or more of the following theories: (1) tax-refund; (2) wrongful levy; (3) tort; (4) a Fifth Amendment takings; and (5) due process. The Government contends that the Court lacks subject matter jurisdiction to hear any of Mr. Schroeder's claims. For the reasons set forth below, the Court agrees that subject matter jurisdiction is lacking.

### a.   *The Court Lacks Jurisdiction Over Plaintiff's Tax Refund Claims Because Plaintiff Did Not Pre-Pay His Back Taxes*

Mr. Schroeder argues that "[t]his Court has jurisdiction as stated from this court's own website: 'The Court is authorized to hear primarily money claims founded upon the Constitution, federal statues, executive regulations, and contracts . . . with the United States.'" (Compl. at ¶ 1). As Mr. Schroeder's complaint principally challenges the IRS's garnishments and levies, it appears he is alleging the Court has jurisdiction on the basis of a tax refund suit.

Under the Tucker Act, the Court of Federal has jurisdiction over tax refund suits if certain

2

prerequisites are met.[2] *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008). First, a plaintiff must satisfy the full payment rule, which requires that the principal tax deficiency be paid in full. *See Shore v. United States*, 9 F.3d 1524, 1526–27 (Fed. Cir. 1993); *see also Flora v. United States*, 357 U.S. 63, 68 (1958). Second, the plaintiff must timely file a tax refund claim with the IRS. *See* 26 U.S.C. § 7422(a) ("[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . ."). Third, the plaintiff must provide the amount, date, and place of each payment to be refunded, as well as a copy of the refund claim when filing suit in the Court of Federal Claims. RCFC 9(m). Unless a plaintiff satisfies these prerequisites, the Court of Federal Claims lacks jurisdiction to hear a tax refund suit.

In this case, Mr. Schroeder has offered no evidence to suggest he pre-paid his back taxes—a prerequisite for this Court's to have jurisdiction under the "full payment rule." *Flora*, 357 U.S. at 68. "In order to invoke this Court's jurisdiction in a tax refund suit, a plaintiff must have paid all taxes, penalties, and interest in full and have filed a refund claim with the IRS for the amount of tax at issue." *Wade v. United States*, 138 Fed. Cl. 276, 278 (2018) (citing 26 U.S.C. § 7422(a) (2012)); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *see also Flora*, 357 U.S. at 72–73 (1958). Mr. Schroeder has not alleged he filed any refund claims with the IRS, therefore fails to carry his burden to satisfy the jurisdictional requirements of § 7422(a). *See Tiernan v. United States*, 113 Fed. Cl. 528, 531 (2013).

Furthermore, Mr. Schroeder has provided none of the documents required by RCFC Rule 9(m). "The requirements of [Rule 9(m)] embody the jurisdictional prerequisites for maintaining such a suit in this court[.]" *Simmons v. United States*, 127 Fed. Cl. 153, 160 (2016). In pleading a tax refund claim, Rule 9(m)(2) requires the plaintiff to include with his or her complaint: (1) a copy of the claim for refund; and (2) a statement identifying, *inter alia*, the tax years for which a refund is sought, and the amount and date of each payment to be refunded. The Court has consistently dismissed similar suits where the plaintiff alleged the IRS lacked jurisdiction to collect taxes but failed to provide any of the information or documents required by Rule 9(m). *See, e.g., Leber v. United States*, 146 Fed. Cl. 9 (2019); *Anderson v. United States*, No. 19-168T, 2019 WL 2552938 (Fed. Cl. June 3, 2019); *Brennecke v. United States*, 145 Fed. Cl. 354 (2019).

Because Mr. Schroeder has not satisfied the full payment rule—the first prerequisite to tax refund jurisdiction—this Court lacks jurisdiction to hear Mr. Schroeder's tax refund claims.

### b. *The Court Lacks Jurisdiction Over Wrongful Levy Claims*

To the extent Mr. Schroeder raises a wrongful levy claim, the Court lack jurisdiction to hear such a claim. Under 26 U.S.C. § 7426(a)(1), a claim challenging the imposition of a tax lien may be brought only by third parties and must be brought in a district court. *See* 26 U.S.C. § 7426(a)(1); *Zolman v. United States*, 17-1901, 17-1902, 2018 WL 1664690, at *1 (April 6, 2018) (Firestone, J.). Moreover, pursuant to 26 U.S.C. § 7433(a), district courts possess exclusive jurisdiction over claims arising out of unlawful collection claims by the IRS. *See Ledford*, 297

---

[2] The jurisdiction of the Court of Federal Claims under the Internal Revenue Code is generally limited to the adjudication of tax refund suits. *Zolman v. United States*, No. 15-1116T, 2015 WL 7266624, at *1 (Fed. Cl. Nov. 12, 2015).

3

F.3d at 1382 (affirming dismissal of plaintiff's damages claims based on IRS collection activities as outside of the court's subject matter jurisdiction). Additionally, under 26 U.S.C. § 7432(a), district courts possess exclusive jurisdiction to hear claims based on a failure to release a lien.

Therefore, to the extent Mr. Schroeder bases his claims on a wrongful levy theory, the Court lacks subject matter jurisdiction because district courts possess exclusive jurisdiction over such claims.

### c. *The Tucker Act Precludes Jurisdiction Over Claims Sounding in Tort*

Mr. Schroeder alleges the IRS knowingly and maliciously collected his assets, likening such actions to theft. (*See* Compl. ¶ 4; Schroeder Resp. at 2, ECF No. 10). Under the Tucker Act, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . *not sounding in tort*. 28 U.S.C. § 1491(a) (emphasis added). Here, Mr. Schroeder's allegations of wrongful possession and retention of his assets "sounds in tort." Consequently, the Court lacks jurisdiction to hear Mr. Schroeder's claims in this regard. *See* 28 U.S.C. § 1491(a).

### d. *The Alleged Constitutional Deprivations Are Not Money Mandating*

Mr. Schroeder alleges the United States confiscated his property against his will, and in doing so, deprived Mr. Schroeder of his Due Process rights. (*See* Compl.; Schroeder Resp. at 2, ECF No. 10). The Court construes these allegations as seeking relief under the Just Compensation and Due Process clauses of the Fifth Amendment to the Constitution. *See* U.S. Const. amend V.

The Tucker Act empowers the Court of Federal Claims to hear claims asserted under the Just Compensation Clause of the Fifth Amendment. *See* 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress . . . ."). However, for the Court to possess jurisdiction over a takings claim, the "claimant must concede the validity of the government action which is the basis of the taking claim." *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802–03 (Fed. Cir. 1993); *see also Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1329–32 (Fed. Cir. 2006) (holding that in a takings case, the court assumes that the underlying action was lawful and decides only whether the governmental action in question constituted a taking for which compensation must be paid). Moreover, unauthorized acts by federal officials constitute torts, not takings. *See Smithson v. United States*, 847 F.2d 791, 794 (Fed. Cir. 1988); *see also Del-Rio Drilling Programs, Inc. v. United States*, 146 F.3d 1358, 1362 (Fed. Cir. 1998) ("A compensable taking arises only if the government action in question is authorized."). Finally, it is well established that "the lawful exercise of the Government's tax collection powers does not amount to a taking." *U.S. Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed. Cir. 2002); *see First Atlas Corp v. United States*, 23 Cl. Ct. 137, 141 (1991), *aff'd per curiam*, 954 F.2d 733 (Fed. Cir. 1992) (concluding that "the filing of a notice of a lien, standing alone, does not constitute a taking").

Mr. Schroeder characterizes the IRS's actions as "theft" which means he is contesting the validity of government action. As a result, the Court lacks jurisdiction over Mr. Schroeder's

4

takings claim because the "claimant must concede the validity of the government action which is the basis of the takings claim." *See Tabb Lakes*, 10 F.3d at 801–03. As explained above, the Court of Federal Claims lacks jurisdiction over claims sounding in tort. *See* 28 U.S.C. § 1491(a).

Finally, to the extent Mr. Schroeder is alleging the United States violated his procedural due process rights, this Court lacks jurisdiction because the Tucker Act requires any viable claim to be "money mandating." *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). "The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).

Accordingly, the Court lacks jurisdiction to hear Mr. Schroeder's Fifth Amendment claims.

### IV. Conclusion

In sum, this Court lacks jurisdiction to hear Mr. Schroeder's tax refund claim because he has failed to satisfy the full payment rule. The Court lacks jurisdiction over Mr. Schroeder's wrongful levy claim because exclusive jurisdiction lies in U.S. District Court. Mr. Schroeder's conversion claim must fail because the Tucker Act precludes this Court from hearing claims sounding in tort. Because Mr. Schroeder has not conceded the validity of the government's action, his takings claim must fail. Finally, the Court lack jurisdiction over Mr. Schroeder's Fifth Amendment takings and due process claims because Mr. Schroeder has not conceded the validity of the United States' action and the Due Process Clause is not a money-mandating source of law.

Therefore, the Court **GRANTS** the United States' motion to dismiss. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DAVID A. TAPP, Judge